UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LARRY J.,

                        Plaintiff,

    v.

ANDREW M. SAUL,
Commissioner of Social Security,

                        Defendant.

CASE NO. C19-5389-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1965.[1] He has an 11th-grade education, and has worked as a carpenter. (AR 149-50, 336.)

Plaintiff applied for DIB and SSI in September 2015. (AR 306-18.) Those applications

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

were denied and Plaintiff timely requested a hearing. (AR 234-40, 243-48, 252-53.)

On September 22, 2017, ALJ S. Andrew Grace held a hearing, taking testimony from Plaintiff and a vocational expert. (AR 145-78.) On March 12, 2018 the ALJ issued a decision finding Plaintiff not disabled. (AR 19-30.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on March 8, 2019 (AR 1-7), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since March 15, 2015, the alleged onset date. (AR 22.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's seizure disorder; trochanteric bursitis; degenerative disc disease; and cervical and thoracic strains. (AR 22-23.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 23.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing light work, with additional limitations: he can never climb ladders, ropes, or scaffolds.

He can frequently climb ramps or stairs, and occasionally balance, stoop, kneel, crouch, and crawl. He can be occasionally exposed to workplace hazards. He cannot drive as part of ordinary work responsibilities. (AR 24.) With that assessment, the ALJ found Plaintiff unable to perform past relevant work. (AR 28-29.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. The ALJ found that Plaintiff was capable of performing other representative occupations, such as cashier II, counter attendant, and marker. (AR 29-30.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues that *inter alia* the ALJ's decision is undermined by evidence submitted for the first time to the Appeals Council. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Appeals Council evidence</u>

After the administrative hearing but before the ALJ entered his decision, Plaintiff submitted medical evidence to the Appeals Council. (AR 37-144.) The Appeals Council noted that some of

the evidence predated the administrative hearing, and found that Plaintiff had not shown good cause why he did not submit it sooner. (AR 2.) The Appeals Council also indicated that 12 pages of the evidence post-dated the ALJ's decision by at most 10 days, and therefore that evidence does not pertain to the period adjudicated by the ALJ. (AR 2.)

Plaintiff disputes whether the Appeals Council erred in failing to exhibit the new evidence, in finding a lack of good cause, or in finding that the evidence does not pertain to the adjudicated period. Dkt. 9 at 4-6. Because this Court lacks jurisdiction to review Appeals Council decisions, these arguments are not relevant to Plaintiff's request for judicial review. *See Taylor v. Comm'r of Social Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011). The Court does consider the Appeals Council *evidence*, however, in reviewing the ALJ's decision for substantial evidence. *See Brewes v. Comm'r of Social Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).

Plaintiff contends that the Appeals Council evidence is relevant and material to the ALJ's decision because it documents further testing and reports of seizures that occurred after the administrative hearing but before the ALJ's decision. Dkt. 9 at 6. The Commissioner contends that the Appeals Council evidence does not undermine the ALJ's decision because the ALJ "relied heavily" on the 22-month gap in seizure activity between September 2015 and July 2017, and that none of the Appeals Council evidence documents seizures during that time. Dkt. 10 at 11. It is true that the ALJ mentioned that gap in seizure activity, but the ALJ also emphasized that there was no evidence of seizures occurring since July 2017 (AR 25), and the Appeals Council evidence contradicts this statement by documenting seizures in 2018. (AR 48, 54.) The Commissioner contends that the additional seizures in 2018 do not necessarily undermine the ALJ's finding that Plaintiff's seizures were "infrequent" (Dkt. 10 at 12), but the medical evidence as a whole (including the Appeals Council evidence) suggests that Plaintiff's seizures were actually

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

increasing toward the end of the adjudicated period, that his medications were unsuccessful in entirely controlling the seizures, and that his doctors were attempting to control the seizures via medication management at the time of the ALJ's decision. (AR 46, 49-50, 82, 127.)

This evidence undermines the ALJ's findings that Plaintiff's seizures were "well-controlled with treatment" (AR 25) and also corroborates Plaintiff's testimony regarding the frequency of his seizures, contrary to the ALJ's finding that the medical record shows that Plaintiff's seizures "are significantly less frequent than [he] alleges." (AR 26.) The ALJ cited his finding that Plaintiff's seizures were less frequent than he alleged and well-controlled by medication as reasons to discount Plaintiff's testimony, his treating neurologist's opinion, and the lay evidence. (AR 25-28.) Because the evidence supporting that finding is undermined by the Appeals Council evidence, that new evidence warrants a remand to permit the ALJ to reconsider Plaintiff's allegations, the medical opinions, and the remainder of the decision as necessary, in light of the updated record. This conclusion obviates the need for the Court to address any other assignments of error, as the disputed portions of the ALJ's decision must be reconsidered on remand.

## **CONCLUSION**

For the reasons set forth above, the Commissioner's decision is REVERSED and this matter is REMANDED for further administrative proceedings.

DATED this 2nd day of December, 2019.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5